Green, J.
delivered the opinion of the court.
The defendant was summoned as a garnishee by the plaintiff, to answer whether he owed one Stewart against whom the plaintiff had judgment; or whether he had in his hands effects belonging to Stewart. The defendant answered that he had sold a tract of land to Stewart, for which he had re *329 ceived two hundred dollars, and had executed to him his bond for title — which bond being produced, it appeared that the defendant, with Henry Henson and Jno. E. Henson undertook to make or cause to be made, to Stewart, a title to the land, on or before the 1st day of January, 1847.
The defendant further declares that he is unable to make a title to the land; that the title is not in him, but in his children, by virtue of a conveyance to them from their grandfather, Henry Henson. Upon these facts the plaintiff moved for a judgment against the defendant for the said sum of two hundred dollars, which the court refused to give, and the plaintiff appealed.
We think there is no error in this judgment. A garnishee is only liable upon his own admissions. If the defendant had stated that he had in his hands $200, the effects of Stewart, without stating the circumstances of the transaction, he would thereby have made himself liable to the plaintiff, although he is liable to Stewart on his bond. But this is not done. All the facts are placed before the court, and we perceive that the defendant has' yet more than a year within which to acquire the title, which he may then be able to make to Stewart in discharge of his obligation. Besides, the defendant is liable on his bond, to Stewart, for damages in case he fail to make a title in pursuance of his undertaking. Stewart may not choose to receive his two hundred dollars in discharge of all claim upon the defendant.
In no view of the case can the two hundred dollars be regarded as effects of Stewart.
Affirm the judgment.